UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


C.J. BROOKS,

          Plaintiff,

                Civil No. 07-6012-HA

        v.

                OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

_____


HAGGERTY, Chief Judge:

      Plaintiff C.J. Brooks seeks judicial review of a final decision denying her application for

disability insurance benefits and supplemental social security income.  Defendant admits that the

Administrative Law Judge (ALJ) committed error by not giving sufficient reasons to reject the

opinion of treating physician, Dr. Jason Phillips, and by failing to address plaintiff's piraformis

syndrome.  Defendant has moved for a remand for further proceedings pursuant to sentence four

of 42 U.S.C. § 405(g).  Plaintiff agrees that the ALJ erred, but seeks a remand for payment of


1   - OPINION AND ORDER

benefits.

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). The decision turns upon the likely utility of further proceedings. *Id.* at 1179. Such a remand is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Defendant argues that the record does not support a finding of disability and that even if it did, the ALJ would be required to determine whether alcohol and drug abuse were contributing factors to a possible finding of disability. There is little in the record to suggest that drug and alcohol abuse play any role in plaintiff's claim. *See* Transcript of Record (hereinafter "Tr.") 180 ("[She] has a history of eating disorders and alcohol dependence, both of which are currently in remission," as of 2001) 274 ("Alcohol Abuse in Remission" as of 2004).

The ALJ did not, as plaintiff asserts, silently disregard the lay witness testimony about plaintiff's limitations. He credited that testimony in his discussion of the physical limitations that plaintiff claimed and the lay witnesses observed. Tr. 23. Further, the ALJ did not err by giving some, but not great weight to the opinion of Dr. Carol Greenough. Tr. 348-54. Dr. Greenough's

recommendations in the "Planning Suggestions" section of the psychological report are at odds with each other in that they both suggest work that plaintiff could perform and also suggest that she may not be suited for a work environment.  Confronted by a somewhat equivocal and internally inconsistent report, the ALJ did not err by reducing the weight that he afforded this analysis.  Tr. 24-25.  However, because the ALJ failed to take into account plaintiff's piraformis syndrome and the diagnosis of her treating physician Dr. Phillips, a remand is appropriate to allow consideration of her disability claim in light of those further physical impairments in combination with the physical and mental impairments supported by the record and recognized by the ALJ.  Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

DATED this ___22___ day of February, 2008.


_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge